November 16, 2015

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

NOV 20 2015

CHRISTOPHER A. PRINE
CLERK CM

Christopher A. Prine
Clerk
Texas First Court of Appeals
301 Fannin Street
Houston, Texas 77002-2066

RE: Walter Harvey Ballard, Jr. vs. The State of Texas
No. 01-15-00275-CR

Dear Mr. Prine:

Find enclosed herewith a pro se pleading requesting abatement of my appeal and to strike the "Appellant's Brief" purportedly filed in my behalf and a copy of a letter I forwarded to Mr. Maverick Ray whom I have accused of attempting to sabotage and undermine my right to appeal.

Please file both of these documents among the papers in the above-referenced cause, bring to the attention of the Court as soon as practicable, provide notice and/or a copy of these documents to the office of the Harris County District Attorney-Appellate Division, and return a file marked copy to me at: Walter Ballard, Jr., TDCJ-ID# 1987977, Michael Unit, 2664 FM 2054, Tennessee Colony, TX 75880.

Thanking you in advance for your kind assistance and attention, I remain

Sincerely
Walter Ballard Jr.



MAVERICK:

I have received a copy of the brief. I have read it and must say that this is truly a new low for the Defense Bar of the State of Texas. At least when counsel fell asleep during a capital murder trial he wasn't aware of what was going on. Here, you must have put a great deal of effort into it as the brief is your conscientiously studious deliberate and calculated undertaking to sabotage my right to appeal. done with eyes open. And it doesn't end there. You're asking for oral argument. Wow! You are certainly my adversary. The betrayal is now open, obvious, and is signed by you. I will not soon forget. I will be filing a motion with the Court of Appeals to strike the brief.

I am curious, Maverick, how is it that you file a motion to withdraw and then file a brief? Did the Court of Appeals order you to file a brief? What happened to the motion to abate for findings of fact and conclusions of law [FoF & CoL]? How could you file a brief without the trial court's FoF & CoL? And then in your appellate brief you don't even raise the issue? How obvious your motive becomes in this instance. By written motion [CR 323] and oral demand after denial of my motions to suppress [RR V, 119], FoF & CoL were properly timely, and adequately made. The issue is properly preserved. In accord with my request, you filed what I am led to believe was a motion to abate seeking FoF & CoL. Yet, in your brief you filed you



don't even raise the issue at all. By failing to assure FoF & CoL, as you know and as we have discussed on numerous occasions, you relegate any question regarding the trial court's ruling on my motion to suppress to the more onerous standard of review that permits the Court of Appeals to look to any evidence and presume that the trial court was correct on any issue that would conceivably support its ruling instead of questioning his abuse of discretion if the facts determined do not support the conclusions reached and de novo review used to determine if there was an appropriate application of the law to the facts found. How do you explain your failure to raise this issue, Maverick? What, the U.S. Supreme Court says a client cannot dictate what his attorney raises during the course of his appeal - whether the issues are non-meritorious or constitute waivers of crucial aspects of his case, or whether it is obvious that the brief filed by the attorney is a deliberate effort to undermine the client's constitutional right to an appeal? I don't think the Supreme Court meant such to override its require- ment that counsel function as an active advocate guaranteeing the right to effective assistance of counsel.

From what my friend has provided to me it appears you did file for FoF & CoL as I requested. Did the Court of Appeals deny that motion prior to the filling of your brief? If so, filling a brief that waives the issue and does damage to the appropriate



standard of review in favor of the State was not the appropriate course. Instead, logically, given that the Court of Criminal Appeals has been clear on the law making the act, as a matter of law, mandatory and ministerial, a petition for writ of mandamus was the appropriate vehicle to protect my appellate rights or, at least, raising the issue in the brief in the event it became necessary to seek discretionary review. Instead, you pursue an avenue that renders the motion to abate moot and subjects the issue to waiver of which I specifically and clearly protested then and now. How can you justify this, Maverick? How do you explain it? What a sinister and outrageous course you have taken.

The questions regarding the FEDERAL search warrant was made clear during the trial. We spoke extensively about it and made it an issue during pretrial and trial. Yet your arguments are based solely upon Chapter 18 of the Texas Code of Criminal Procedure. Nowhere within the four corners of the search warrant or warrant affidavit was a violation of any state statute mentioned nor was there any issue related to Chapter 18. This was also made an issue during trial and yet you attempt to argue Chapter 18 exclusively, knowing any such argument has been forever waived since you chose not to raise it. Nowhere in your brief do you even mention Rule 41 of the Federal Rules of Criminal Procedure. This was a federal task force involved in this case,



raising issues related to the violation of federal statutes, taken before a federal magistrate who issued the warrant that was executed by a federal task force. Chapter 18 never came into play. Instead, this was a case where federal officers handed over to state prosecutors evidence derived from a federal investigation more readily recognized as the "silver platter doctrine." The issue was not one of state law yet that is what you attempt to argue in your brief and then go on to concede the issue of probable cause which was clearly contested throughout pretrial, trial and as well by my motion for new trial which you state in your brief was not filed. How do you explain this, Maverick?

Then I look at the case law you have cited in s v. Hurwitz, 459 F.3d 463 (4th Cir. 2006) and U.S. v. Allen, 625 F.3d 830 (5th Cir. 2010). Really? Gardner v. State, 433 S.W.3d 93 (Houston [1st Dist.] 2014, pdr ref'd), for the proposition that "(holding that an affidavit outlining a substantially similar investigative process provided probable cause for issuing the search warrant)." Really, Maverick? Are you really serious? And, based upon these recitations to cases that are prosecutorial oriented and clearly distinguishable on their facts, you concede probable cause? Really, Maverick, really? Did you think I wouldn't realize what you are doing? I wrote and asked you to please straighten this out about my appeal and the appellate



Christopher A. Prine
Clerk
Texas First Court of Appeals
301 Fannin St.
Houston, Texas 77002-2066

RE: Walter Harvey Ballard, Jr. vs. The State of Texas
No. 01-15-00275-CR

To The Honorable [En Banc] Court of Appeals:

My name is Walter Harvey Ballard, Jr., I am presently confined in the Mark W. Michael Unit of the Texas Department of ~~Corrections~~ Criminal Justice - Institutional Division located at 2664 FM 2054, Tennessee Colony, Texas 75880.

I hereby state and affirm under penalty of perjury that the following statements are, to the best of my knowledge and belief, true and correct, to-wit:

I have received from Maverick Ray, an attorney whom I have requested to withdraw as counsel on my appeal, a brief that he purports to have filed in my behalf. However, after review of "Appellant's Brief" I am asking the Court to strike the brief filed by this attorney for reason that I have reason to believe and do believe the brief prepared and filed by Maverick Ray is an effort to sabotage and deprive me of my right to a fair, ~~and~~ proper, and adequate review of the merits of my appeal from the conviction and sentence entered in the Court below. In support hereof I respectfully submit and show the following:



I was convicted after my plea of not guilty by a jury empaneled in the 183rd District Court of Harris County, Texas, for the offense of possessing a video containing child pornography alleged in the indictment filed in Cause No. 1390115. I was sentenced to 13 years confinement and assessed a fine of $10,000.00. Timely notice of appeal was filed and my motion for new trial was overruled and denied by operation of law.

I have been permitted to proceed as an indigent. My attorney of record on appeal is Maverick Ray who also served as my trial attorney. According to docket entries received from a friend since Mr. Ray has refused my several requests to provide me with the information:

1) A motion ~~that I presume~~ to abate appeal I presume was filed seeking findings of fact and conclusions of law [FOF & COL] from the denial of my motion to suppress was filed on September 28, 2015.

2) A motion to withdraw as attorney was filed on October 14, 2015.

3) I received from Maverick Ray a copy of "Appellant's Brief" which reflects that it was served on the Harris County District Attorney's office on October 27, 2015.

4) On October 30, 2015, in accord with my request, a friend filed with the Clerk of this Court my request to abate the appeal, for appointment of counsel, to direct my appearance, and for an evidentiary hearing regarding the ineffective and incompetent assistance being accorded by



L3

Maverick Ray and the truth and accuracy of the appellate record.

Accompanying this pleading incorporated herein by reference the same as if copied in full and set forth at length is a true and correct copy of a letter that I placed in the prison mailbox ~~on this date~~ addressed to Mr. Ray. I believe the letter is self-explanatory and raises substantial issues of material fact whether Mr. Ray is acting as an active advocate in the prosecution of my right to appeal. As I stated above, I have reason to believe and do believe that Mr. Ray is attempting to sabotage my right to appeal, an allegation which I do not make lightly given that such conduct on the part of a licensed member of the State Bar of Texas would be an affront to any appellate court in which he is licensed to appear and serves as an officer.

Given my belief that Mr. Ray's deliberate disregard for my right to appeal with the effective assistance of counsel and that Mr. Ray has acted with a retaliatory animus towards my criticisms regarding his representation as my attorney in an effort to protect and preserve my right to appeal, I consequently cannot trust Mr. Ray with the prosecution of my appeal and representation as an active advocate during this critical stage of these criminal proceedings. In fact, after reading the brief Mr. Ray purports to have filed in my behalf, I am terrified that this Court might ignore my plea to determine the truth of the facts I have asserted by



this pleading and by the document that accompany my pro se pleading I prepared and caused to be filed with this court on October 30, 2015.

While I believe that what I assert by this pleading and the accompanying letter addressed to Mr. Ray are self-explanatory and will, as supported by the records, transcripts, pleadings and documents filed in this case, I also believe that my testimony will further reveal Mr. Ray's mindset and culpability as being deliberately indifferent, intentional, knowing and not simply negligent, inadvertent, or the result of inexperience. For instance, as can be verified by records filed with this and the 14th Court of Appeals, in a number of appeals in which Mr. Ray has acted as counsel over the last 24 month period, Mr. Ray has filed a motion to abate for FOF & COL [Findings of Fact and Conclusions of Law] and raised by appellate briefs the issue regarding the failure of the trial court to file FOF & COL under circumstances closely analogous to mine — that is — where FOF & COL were either requested by way of motion or oral demand after the denial of a motion to suppress. Thus there is ample evidence that Mr. Ray was at all times sufficiently knowledgeable of the law, its application, and the consequences of not requiring FOF & COL so that his effort in my case to waive the issue cannot be deemed an accident, inadvertent, an oversight, nor a mistake. Instead, Mr. Ray's efforts here is deliberate and



calculated. The reason I know this is because I have personally assisted Mr. Ray with the research, and preparation of the appellate motions and briefs he has filed in a number of other appeals filed with the First and Fourteenth Courts of Appeals and, long before the filing of the appellate brief he purports to have filed in my behalf, I demanded that Mr. Ray file for and assure the appellate record would be supplemented and contain written FoF & Col.

As a consequence of Mr. Ray's conduct and TDCJ-ID's customs, practices and policies of which I have referenced and asserted to TDCJ-ID administrators and Mr. Ray, I am being denied my right of access to the courts. As it pertains to Mr. Ray who has filed an appellate brief designed to lose and calculated to injure and harm my right to appeal and as to TDCJ-ID and its administrators by denying me the right of access to an adequate law library.

Access to the courts is protected by the First Amendment right to petition for a redress of grievances and the Fourteenth Amendment guarantee of procedural and substantive due process. Jackson v. Procunier 789 F.2d 307, 310 (5th Ci 1986). Prisoners retain their constitutional right to court access, and that access must be adequate, effective, and meaningful. Id., at 685, citing Bounds v. Smith, 430 U.S. 817 (1977). Cf. Lewis v. Casey, 518 U.S. 343 (1996), See also, Ruiz v. Estelle, 503 F.Supp. 1265 (S.D. Tex. 1980), modified and remanded, 679 F.2d 1115, 1153 (5th Ci



1982), vacated in part on other grounds, 688 F-2d 266 (5th Cir.), cert denied, 460 U.S. 1042 (1983).

~~the letter~~

As I believe the letter I have written to Mr. Ray that accompanies this pleading demonstrates, my reason to believe that Mr. Ray is attempting to interfere with, impede, and sabotage my right to appeal is made in good faith and raises substantial material issues requiring an evidentiary hearing to resolve any fact issues that may be contested. Inasmuch as the allegations I make about Mr. Ray's performance in my case is an affront to the appellate process as a whole and is directed to this Court of Appeals specifically, I request that the issues, facts and relief to be granted be determined by this Honorable Court EN BANC at the conclusion from which this Court issue an order:

1) Abating the appeal and directing the court below to conduct an evidentiary hearing and enter findings of fact and conclusions of law regarding the issues contained by this pleading and as determined by this Court;

2) Directing the issuance of a bench warrant regarding my appearance so as to allow for consultation with counsel, preparation for any hearing, and an opportunity to obtain and present evidence and testimony in support of my allegations;

3) Appointing an attorney employed with or



who functions as counsel with and for the State Bar of Texas Grievance Commission or appoint and assign one or any number of law schools within Harris County, Texas, and their ethics divisions to assist with the preparation, ~~oral~~ presentation, and representation in this instant case; and

4) direct that the "Appellant's Brief" purportedly filed in ~~behalf~~ my behalf by Mr. Ray be stricken and a period of time be granted allowing for the re-briefing of my appeal; and

5) grant such other and further relief as this Honorable Court of Appeals deems fair, just and equitable.

Respectfully submitted,

Walter Harvey Ballard, Jr.
TDCJ-ID # 1987977
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75880

I hereby state and affirm that I placed this pleading on the prison mailbox on Monday, November 16, 2015.

Executed this 14th day of November, 2015.

Walter Harvey Ballard, Jr.



record; let's talk about it; let's review what's going on. Please, please, please don't force me to have to defend myself. Please don't hurt my chances on appeal. Instead, you ignore my pleas, refuse to send me copies of what you filed with the Court of Appeals, refuse to send me my files and records so I can defend myself, and then file a brief that I venture the appellate prosecutors with the Harris County District Attorney's office will have little or no contention with. Could probably use it as a format in other cases. Then if that wasn't enough, you provide an avenue for the State to rest upon good faith by implanting into the case the remedial measures espoused in Ramos v. State, 934 S.W.2d 358 (Tx Crim App 1996) and Walthall v. State, 594 S.W.2d 74 (Tex Crim App 1980), that was never asserted nor addressed at any time at my trial. Really, Maverick, Really? And then you provide the State with a recitation which I have no access and evidently is not cited as a decision published or not published in Greer v. State, 01-14-00033-CR (Houston [1st D.] TJ) October 22, 2015). Really, Maverick? Have you been offered employment with the District Attorney's office?

Where are the numerous issues of contention that were proposed and cited in the pretrial motions to suppress. Remember trying to have admitted into evidence before the jury Judge Hoyt's published written opinion in U.S. v. Carlson, 236 F.Supp.2d 686 (S.D. Tex. 2002)?



Nowhere in your brief do you cite this opinion. Instead, you cite to authority that is clearly contrary to the position taken during pretrial, trial, and by my motion for new trial. Although the state appellate court is not required to adhere to federal case law, it is, nevertheless, persuasive, especially when it interprets federal statutes, and laws and the U.S. Constitution and since Article 38.23 prohibits evidence secured in violation of federal law, statutes and the U.S. Constitution. Instead, you search out and cite a U.S. Fourth Circuit case that not only admits to being in conflict with numerous other state and federal jurisdictions, but is a case where the facts are clearly distinguishable. This is inexcusable, unacceptable, malicious, devious, and a clear violation of your oath of office and your ethical duty as an attorney under the State Bar Rules of Professional Responsibility.

What I see and understand from your brief is a cold, calculated and deliberate effort to render my appeal frivolous. You are waiving issues that I specifically asked you to address. Issues we discussed prior to, during, and even after the trial. Some of these issues were/are identical to those from which there was favorable results in a number of your other clients' cases which I personally worked on and which we discussed extensively. How are you going to explain this to the Court? How are you going to convince a fact-finder that you inadvertently overlooked issues



you know are meritorious. Issues we had discussed on numerous occasions, used in a number of your appeals of other clients' cases, discussed and extracted by written letters to you? You file a motion to abate for FoF & CoL; file a motion to withdraw; and then file a prosecutorial oriented brief, waiving crucial and critical issues that were properly preserved prior to, during, and after trial, and insist on giving oral argument. Man, who or what are you?

What is most telling of all is the failure to raise the issue regarding FoF & CoL. You deliberately waive this issue by your brief knowing full well that we agreed and that you fully knew the issue - crucial both to appellate review from the denial of the motions to suppress as well as to the issue related to the failure of the trial court to properly charge the jury. Those FoF & CoL are certainly relevant to the Article 38.23 jury charge. Yet you would waive both issues. Issues that are subject to the some harm as opposed to egregious harm standard of review. Issues that, given the context and content of my trial, are not harmless but clearly reversible.

I've looked, Maverick. You have Westlaw and other computer database resources, South Texas School of Law, the University of Houston, Texas Southern University, and the Harris County law libraries and their unlimited resources and materials. Yet, even from a source of materials that mock the RUIZ mandates



and the U.S. Supreme Court's "adequate" law library requirements, I find cases such as Holmes v. State, 248 S.W. 3d 194 (Tex Crim App 2008) and Madden v. State, 242 S.W. 3d 504 (Tx Crim App 2007), which clearly dictate reversal of the conviction in my case. I find nowhere that Bragg v. State, 951 S.W. 2d 877 (Tyeukana 1997), as it relates to an Article 38.23 jury charge, has been "abrogated", and note the holding of Atkins v. State; 923 S.W. 2d 21 (Tx Crim App 1996), that the rejected jury charge was not an impermissible comment on the evidence. These were issues we discussed prior to, during and after the trial. Issues you assured me would be addressed. Issues that are outcome determinative and properly preserved. Yet, now, you deliberately ignore these issues in my case and, instead, waive these claims in place of asserting such harmless issues raised by your first and third points of error.

What I see after reading your brief, Maverick, is a cold, calculated and deliberate effort to sabotage my right to appeal. Given a clear review of your performance, there is no question of your retaliatory motive/animus that is not only unethical and unprofessional, but borders on being criminally culpable. I am going to file with the First Court of Appeals a motion to strike your brief and ask the Court to review your overall representation as it relates to the prosecution of my right to appeal and to address your actions which I believe are perpetrated and



designed to cause irreparable damage, injury and harm in one of the worst ways possible, especially where you are engaging the judicial process. I hope and pray the Justices of the Court of Appeals will take judicial notice of my claims, before reaching the merits of my one and only opportunity to directly appeal the conviction instead of requiring me to repeat my efforts to raise these issues by collateral proceedings if the U.S. Supreme Court denies certiorari. This is also something that you need to think about, Maverick, is how the federal judiciary and the U.S Supreme Court will address what you have done. It's now documented, filed for record, and by your own hand.

I will be asking that the Court of Appeals, after review of my pleadings, to enter an order striking the brief or, alternatively, to abate the appeal and remand to a district court directing the appointment of counsel with the State Bar Grievance Commission, to issue a bench warrant for my personal appearance and allow for an opportunity to prepare for a hearing regarding whether you are acting as an active advocate in accord with my right to effective assistance of counsel or whether you have acted with intent to sabotage or undermine my right to appeal which, as far as I am concerned, is obvious. My position is that you are acting with a retaliatory animus and attempting deliberately — intentionally and knowingly — to sabotage my right to appeal. I have



the right to the effective assistance of counsel on appeal. The contours of this right has been long ago clearly defined. Evitts v. Lucey, 469 U.S. 387 (1985); Roe v. Flores-ORTEGA, 120 S.Ct. 1029 (2000).

What a sinister and outrageous course you have taken. I hope and pray the Court of Appeals realizes what they have before them — a lawyer who would strike out against his client using his professional expertise to use and hide under the umbrella of the appellate courts to vent his retaliatory animus. This is not what a real lawyer does, Maverick. This is evil, horrendous, illegal, unconstitutional, a violation of your professional oath of office, a waste and impermissible use of judicial resources, and undermines basic, fundamental precepts and constitutional principles which you cannot be trusted to preserve and protect. I certainly can no longer trust you.

Withdraw your brief, Maverick. I will not sit silently by and let this happen. Please, don't hurt yourself anymore than you already have. Although what you have done here chills the exercise of my right to seek the assistance of counsel, I am at a clear disadvantage so that I have no other choice.

How are you going to explain what you have done, Maverick? What will you say? How sad.

